962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James FULLER, Plaintiff-Appellant,
v.
CBT CORPORATION, AMERICAN SELFCARE CORPORATION, CHICAGO
BOARD OF TRADE and CHICAGO BOARD OF TRADE HEALTH
PLAN, Defendants-Appellees.
 No. 91-2278.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 11, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 James Fuller brought this action to recover medical benefits under the employee health plan of his former employer, the Chicago Board of Trade. Federal jurisdiction was premised on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. The district court granted summary judgment for the defendants, and Fuller appealed. A panel of this Court affirmed the judgment in all respects save one. See Fuller v. CBT Corp., 905 F.2d 1055 (7th Cir.1990). The panel concluded that "[t]he grant of summary judgment on the question whether the trustees violated the uniformity provision of the plan by refusing to extend Fuller's (dependent) benefits for six months was premature," and remanded the case for further exploration of that provision. Id. at 1060. On remand, the district court found no violation, and we agree.
 
 
 2
 The plan provides that an "employee," defined as a "full-time salaried employee," ceases participation in benefits on the date his employment terminates with the Board. The plan further provides that the trustees have "sole and exclusive discretion" to continue an employee's coverage for up to six months after termination. The plan requires that all of the trustees' "decisions ... shall be uniformly and consistently applied to all employees in similar circumstances."
 
 
 3
 Fuller contends that the trustees violated the requirement of uniform treatment by extending benefits for three other employees in circumstances comparable to his own. Fuller cannot escape the fact, however, that all three employees were still employed with the Board when they were offered continued benefits. Not so for Fuller who asked for a continuation of coverage after he had already left the Board's employ and was no longer an "employee." The trustees could reasonably interpret the plan to limit action taken to extend benefits to "full-time salaried employees" of the Board, see Fuller, 905 F.2d at 1058, so that their refusal to offer benefits to Fuller once he quit did not subject him to disparate treatment.
 
 
 4
 In addition, the district court correctly concluded that all three employees sought insurance to protect themselves against the future occurrence of unknown risks, whereas Fuller sought something different. He wanted payment for known expenses incurred when he was, by his own choice, uninsured. Fuller took a risk, and he lost. He cannot now turn his own lack of foresight into a plan violation.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Fuller has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record